IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **TYRELL CHRISTIA FEARS,**<br>    Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | Cause No. EP-25-CV-18-KC |
| **FCI La Tuna,**<br>    Respondent. | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Petitioner Tyrell Christia Fears, federal prisoner number 32422-171, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 6.[1] His opposed petition is denied.

## BACKGROUND

Fears is currently assigned to the Regional Reentry Management field office in Butner, North Carolina. His petition is before this Court because at the time he filed it, he was confined at the La Tuna Federal Correctional Institution (FCI La Tuna) in Anthony, Texas, which is within the territorial jurisdiction of this Court. *See* Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 32422-171, last visited September 24, 2025). His projected release date is February 7, 2026. *Id*.

Fears conspired with others to order, pay for, receive, arm, and attempt to re-ship a mail bomb for the purpose of killing an intended victim. *United States v. Fears*, 3:17-CR-575-MGL-3 (D. S.C), Indictment, ECF No. 23 at 1. Fears' role in the conspiracy was to arm the bomb, attach mailing labels to the packaging, and deliver the device to a post office for shipment. *Id.* at 6–7. He also aided and abetted his co-participants in the jointly undertaken activity of carrying explosives

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in this matter. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

during the commission of a felony. *Id.* at 9.

Fears pled guilty to conspiracy, in violation of 18 U.S.C. § 371 (conspiracy count), and carrying explosives during the commission of a felony, as well as aiding and abetting, in violation of 18 U.S.C. §§ 844(h) and 2 (explosives count). *Id.*, Plea Agreement, ECF No. 199 at 1–2; *id.*, J. Crim. Case, ECF No. 372 at 1. At his sentencing, he was granted a downward departure for his substantial assistance to the Government—and sentenced to sixty months' imprisonment as to the conspiracy count and 120 months' imprisonment as to the explosives count, to run concurrently. *Id.* at 2.

In his § 2241 petition, Fears claims that his conviction for carrying explosives, in violation of 18 U.S.C. § 844(h)(2),[2] makes him eligible to accrue First Step Act (FSA) Earned Time Credits (FTCs). Pet'r's Pet., ECF No. 1-1 at 7. He further claims that after a final release audit, the Bureau of Prisons (BOP) incorrectly changed his offense code from 125 (carrying an explosive in violation of 18 U.S.C. § 844(h)(2)) to 123 (using an explosive in violation of 18 U.S.C. § 844(h)(1)), which made him ineligible to accrue FTCs. *Id.* As a result, he claims that he lost over 400 days of FTCs. He asks the Court to intervene on his behalf and order the Respondent to restore his lost FTCs. *Id.* at 8.

## STANDARD OF REVIEW

A prisoner's "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). A prisoner may attack "the

---

[2] To be clear, Fears was indicted for knowingly carrying explosives during the commission of a felony, in violation of 18 U.S.C. § 844(h), as well as aiding and abetting, and in violation of 18 U.S.C. § 2.

manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a prisoner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

## ANALYSIS

Fears claims that the BOP erred when it altered his offense code and disqualified him from earning FTCs. Pet'r's Pet., ECF No. 1 at 7. He asks the Court to rule that he is eligible to accrue FTCs and order Respondent to restore his revoked FTCs. *Id.* at 8.

The FSA creates incentives to encourage prisoners to participate in evidence-based recidivism reduction (EBRR) programs and productive activities (PAs). 18 U.S.C. § 3632(d). It gives *qualifying* prisoners the opportunity to earn ten additional days of FSA time credits (FTCs) for every 30 days of successful participation in EBRR programs and PAs. *Id.* § 3632(d)(4)(A)(i). It allows *qualifying* offenders at a "minimum" or "low risk" of recidivating to earn an additional five days of FTCs if they did not increase their risk levels over two consecutive assessments. *Id.* § 3632(d)(4)(A)(ii). It permits *qualifying* inmates to apply FTCs toward prerelease community-based placement in a residential reentry center or home confinement. 18 U.S.C. § 3624(g)(2); 28 C.F.R. § 523.44(b)–(c). And, at the discretion of the BOP Director, it permits *qualifying* prisoners to apply the FTCs toward their early release to supervision. 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d).

But the FSA explicitly describes circumstances in which inmates are (1) ineligible to receive FTCs or (2) disqualified from applying FTCs toward their prerelease community-based placement. For example, the FSA states "[a] prisoner is ineligible to receive time credits under this

3

paragraph if the prisoner is serving a sentence for a conviction … [under] Subsection (f)(3), (h), or (i) of section 844, relating to the use of fire or an explosive." 18 U.S.C. § 3632(d)(4)(D). Notably, the statute on ineligible inmates does not distinguish between § 844(h)(1) and § 844(h)(2), although it does use the phrase "use of … an explosive" instead of using or carrying an explosive.

"[S]tatutory interpretation must 'begin with,' and ultimately heed, what a statute actually says." *Groff v. DeJoy*, 600 U.S. 447, 468 (2023) (quoting *National Assn. of Mfrs. v. Department of Defense*, 583 U. S. 109, 127 (2018)). "[W]here the words of a statute are unambiguous, the judicial inquiry is complete." *Babb v. Wilkie*, 589 U.S. 399, 412 (2020).

According to the unambiguous language of 18 U.S.C. § 3632(d)(4)(D), a conviction "under any of the" enumerated "provisions of law"—including 18 U.S.C. § 844(h)—renders an inmate ineligible to receive FTCs. Because Fears was convicted under one of the clearly enumerated provisions, 18 U.S.C. § 844(h), he is ineligible to receive FTCs.

## CONCLUSION AND ORDERS

The Court concludes that Fears has failed to establish that the BOP erred when it determined he was ineligible to receive FTEs for his conviction for a violation of 18 U.S.C. § 844(h) and thereafter revoked his FTCs. 18 U.S.C. § 3632(d)(4)(E). The Court further concludes that Fears cannot meet his burden of showing that he is in custody in violation of the Constitution or laws or treaties of the United States. The Court accordingly enters the following orders:

**IT IS ORDERED** that Petitioner Tyrell Christia Fears' "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 6) is **DENIED** and his cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED this 25th day of September, 2025.**

_____
**KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE**